Scileppi, J.
The State Commission For Human Rights, the appellant herein, appeals pursuant to leave granted by our *255 court from an order of the Appellate Division, Second Department, which unanimously dismissed the commission’s appeal from an order of Supreme Court, Special Term, Queens County, which, upon reargument, denied the commission’s application to enforce the commission’s order directed to the respondents, vacated the commission’s order and remitted the matter to the commission for a new hearing after proper notice to the respondents.
The Appellate Division, although having discussed the merits of the case, based their dismissal of the appeal solely on jurisdictional grounds. Therefore, the only question presented for our consideration is whether the order of Special Term was appealable as of right to the Appellate Division. We believe that it was so appealable.
The Appellate Division, relying upon Matter of North Amer. Holding Corp. v. Murdock (6 A D 2d 596, affd. 6 N Y 2d 902) and Matter of Soros v. Board of Appeals of Vil. of Southampton (24 A D 2d 705), found the order of Special Term to be an intermediate order not appealable as of right. However, in both of the cases relied upon, the proceeding instituted was brought against a body or officer pursuant to article 78.
CPLE 5701 (subd. [b], par. 1) provides that an intermediate “ order is not appealable to the appellate division as of right where it * * * is made in a proceeding against a body or officer pursuant to article 78 ”. This section, however, is not all encompassing; it is limited to denying appeals as of right from intermediate orders only in article 78 proceedings. The instant proceeding was not instituted against a body or officer pursuant to article 78. On the contrary, this was a proceeding instituted by the commission to enforce its order pursuant to section 298 of the Executive Law.
At the time this proceeding was instituted, section 298 provided that the Supreme Court would have exclusive jurisdiction in such proceedings, and review from their determinations should be treated in the same manner as any appeal from a judgment in a special proceeding.*
*256 CPLR5701 (subd. [a], par. 1) provides:
“ (a) Appeals as of right. An appeal may be taken to the appellate division as of right in an action, originating in the supreme court or a county court:
“ 1. from any final or interlocutory judgment except one entered subsequent to an order of the appellate division which disposes of all the issues in the action ” (emphasis added).
In defining “ action ” CPLR 105 (subd. [b]) provides that 1 ‘ The word ‘ action ’ includes a special proceeding ’ ’. Of course, superimposed upon this general provision is 5701 (subd. [b], par. 1); however, the instant proceeding not being one that seeks article 78 relief, the general language of 5701 (subd. [a], par. 1) would appear applicable and, therefore, an appeal as of right does lie.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted to that court for a consideration of the merits.
Chief Judge Fuld and Judges Burke, Bergan, Keating, Breitel and Jasen concur.
Order reversed, without costs, and matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein.

 It appears that the problem presented on appeal has been obviated by a recent amendment to section 298 (L. 1968, eh. 958) providing that the proceeding shall hereafter be instituted in the Appellate Division.