In the Matter of the RICHARDSON EMPLOYMENT AGENCY, INC., by its President MICHAEL J. BRAGMAN, et al., Respondents, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS, ROBERT J. MANGUM, Commissioner, Appellant. — Judgment unanimously reversed on the law, without costs and petition dismissed. Memorandum: The New York State Division of Human Rights (SDHR) appeals from a judgment in an article 78 proceeding prohibiting it from taking any further action upon the complaint of Archie Fabretti. ¶ In his complaint which was filed on July 23, 1970 Fabretti alleges that petitioner Richardson Employment Agency, in violation of section 296 of the Executive Law, retaliated and discriminated against him because he opposed practices of petitioner which were forbidden thereby. Fabretti further alleges that during his employment by petitioner he was directed to code mark employment applications of black men and women and to inform employers of their race and that he opposed this stating to petitioner that such actions were illegal. He charges petitioner with an unlawful discriminatory practice of retaliating against him because he opposed the practices forbidden under section 296. ¶ Section 296 (subd. 1, par. [e]) provides: "It shall be unlawful discriminatory practice * * * (e) For any * * * employment agency to * * * discriminate against any person because he has opposed any practices forbidden under this article". ¶ Section 296 (subd. 1, par. [e]) forbids an employment agency to discriminate against any individual because of his race or color in classifying applications or in referring an applicant to an employer. ¶ On October 21, 1970, Fabretti filed an affidavit which, with affidavits of five other former employees of petitioner, was considered in support of a complaint against petitioner before the Industrial Commissioner, charging that petitioner violated sections 185, 186 and subdivision (8) of section 187 of the General Business Law and Section 296 (subd. 1, par. [b]) of the Executive Law. The charges were sustained and petitioner was fined $450 by the Industrial Commissioner who did not consider or pass upon the complaint that petitioner had retaliated against Fabretti because he opposed petitioner's unlawful practices of discriminating against individuals on account of race or color. ¶ In granting judgment that appellant refrain from further proceedings against petitioner on the complaint of Fabretti, Special Term erroneously found that the allegations of Fabretti's complaint to appellant were in substance the same as those submitted to the Industrial Commissioner. While some of the allegations were the same, the issues were entirely different and the issue of petitioner's violation of section 296 (subd. 1, par. [e]) of the Executive Law by retaliating against Fabretti was not presented to, considered by nor passed upon by the Industrial Commissioner. ¶ Subdivision 9 of section 297 of the Executive Law provides: "No person who

has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section." The grievance filed with appellant SDHR (retaliation against Fabretti) on July 23, 1970 not being the same as any grievance initiated before the Industrial Commissioner (excessive fees and discrimination against applicants for employment) and having been filed before proceedings were initiated before the Industrial Commissioner on October 21, 1970, the above-quoted provision of subdivision 9 of section 297 does not apply to this case. For the same reasons, also, the provisions of section 300 of the Executive Law which provide that an individual who institutes any action based on a grievance without resorting to the Executive Law procedure may not subsequently resort to such procedure, do not apply here. ¶ "Prohibition is an extraordinary remedy to be invoked only to restrain the exercise of an unauthorized jurisdiction" (*Matter of Greater N. Y. Corp. of Seventh Day Adventists* v. *Commission of Human Rights of City of N. Y.*, 27 N Y 2d 898, 899). We conclude that appellant SDHR properly exercised its jurisdiction of the complaint filed by Fabretti on July 23, 1970 and was not ousted therefrom by subsequent proceedings before the Industrial Commissioner. (Appeal from judgment of Onondaga Special Term, restraining action on a complaint made against petitioner.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.