Edward S. Conway, J.
Petitioner, New York State Teachers’ Retirement System, hereinafter referred to as System, seeks an order pursuant to CPLR article 78 prohibiting respondent New York State Division of Human Rights, hereinafter referred to as Division, from conducting hearings, investigations, or in any manner exercising jurisdiction over petitioner in regards to matters alleged in the complaint of respondent William F. Hayward against petitioner.
Respondent Hayward, a retired teacher and member of the System, filed a complaint with respondent Division on June 28, 1974 charging that Union Free School District No. 2 and the System had discriminated against him by denying him pension benefits equal to benefits offered to female retirees. The System informed him after a request that, according to Option 3 of the retirement program, his retirement benefits at age 56, with a 56-year-old female beneficiary are less than those of a female retiree whose beneficiary is either a 56-year-old male or female.
The Division served a copy of the complaint on Union Free School District No. 2, its principal, and on petitioner System pursuant to subdivision 2 of section 297 of the Executive Law. The Division then served upon the petitioner a written determination in which it found that it had jurisdiction over the complaint and found probable cause that the parties named in the complaint had engaged in an unlawful discriminatory practice and recommended the matter to public hearing. On July 10, 1975 the Division served upon the parties named in the complaint a notice of hearing scheduled for July 28, 1975. *995 At the July 28 hearing the Comptroller of the State of New York made a motion to intervene which was granted by the hearing examiner. The complainant Hayward testified; the hearing was adjourned to November 6, 1975.
The petitioner then began the instant proceeding by serving upon the Division an order to show cause containing a stay.
The petitioner is charged by the complainant with violating section 16-A of the Rulings on Inquiries because of his sex, in violation of the Human Rights Law of the State of New York. Section 16-A provides, insofar as pertinent, as follows:
"A. General Rule.
"It is unlawful for an employer or labor organization to discriminate on the basis of race, creed, color, national origin, sex or age with regard to fringe benefits. 'Fringe benefits’ as used herein includes medical, hospital, accident, life insurance and retirement benefits; profit-sharing and bonus plans; leave; and other terms, conditions and privileges of employment”.
The issue as presented to this court is whether the Division had jurisdiction over a complaint charging the System with discrimination as to sex in paying out certain retirement benefits based on sex-segregated actuarial tables.
The petitioner System is not an employer of respondent-complainant Hayward, nor is it a labor organization within the meaning of section 16-A of Rulings on Inquiries. The Insurance Department of the State of New York has the sole and exclusive authority to promulgate guidelines for actuarial standards adopted by the System pursuant to section 523 of the Education Law and section 36-a of the Insurance Law.
Section 523 of the Education Law provides as follows: "§ 523. State supervision. The operation of the retirement system shall be subject to the supervision of the state insurance department.”
Section 293 of article 15 of the Executive Law created the Division of Human Rights and section 295 defines the general powers and duties of said Division. Section 296 of said law sets forth unlawful discriminatory practices and subdivision 1 specifically mentions "employers” (par [a]), "employment agencies” (par [b]), "labor organizations” (par [c]). The System is not under any of these categories.
The Insurance Department has the authority to investigate and pass upon the propriety of the actuarial tables of a public *996 retirement system and not the Division. The cases cited by the respondents are clearly distinguishable from the instant case.
Further, section 296 (subd 3-a, par [c]) of the Executive Law provides as follows: "(c) * * * But nothing contained in this subdivision or in subdivision one of this section shall be construed to prevent the termination of the employment of any person who is physically unable to perform his duties or to affect the retirement policy or system of any employer where such policy or system is not merely a subterfuge to evade the purposes of said subdivisions; nor shall anything in said subdivisions be deemed to preclude the varying of insurance coverages according to an employee’s age.”
This language specifically exempts the retirement system from the application of section 296 of the Executive Law unless the System is merely a subterfuge to evade the purposes of the said law. Here the System is simply following a statutory direction that they classify on the basis of male and female pursuant to subdivision b of section 12 of the Retirement and Social Security Law and such actuarial practices complained of are therefore obviously not a subterfuge to discriminate against respondent Hayward.
Accordingly, the petition is granted and the respondent Division is prohibited from conducting the hearing complained of.