■ LORRAINE C. GONDOLA, Appellant, v CENTER MORICHES UNION FREE SCHOOL DISTRICT, Respondent. — In an action to recover damages for "compensation and benefit increments", plaintiff appeals from an order of the Supreme Court, Suffolk County, dated March 21, 1980, which granted de-

fendant's motion to dismiss the complaint. Order reversed, on the law, with $50 costs and disbursements, motion denied, and complaint reinstated. Defendant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry thereof. Subdivision 9 of section 297 of the Executive Law prohibits an aggrieved person from pursuing relief on a single discriminatory grievance in two different forums (*Emil v Dewey,* 49 NY2d 968; *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276; *Consolidated Edison Co. of N.Y. v State Human Rights Appeal Bd.,* 65 AD2d 546). This statute cannot be employed to bar an aggrieved person from maintaining a proceeding before the State Division of Human Rights based upon a discrimination complaint, while contemporaneously maintaining an action in the courts based on the alleged breach of an employment contract (see *Matter of Richardson Employment Agency v New York State Div. of Human Rights,* 40 AD2d 585). Therefore, we reverse. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.