■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of MARION BELL, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, Respondent. — Order of Appeal Board unanimously confirmed, without costs, and petition dismissed. Memorandum: On November 8, 1979 petitioner filed a complaint with the State Division of Human Rights charging the Department of Labor with discriminatory practices in violation of section 296 of the Executive Law. The division dismissed the complaint for lack of jurisdiction, the Human Rights Appeal Board affirmed and it is that determination which is before us for review. Petitioner was employed by Sybron Corporation as a paint sprayer from November 6, 1972 until he was terminated on June 5, 1978. After being found ineligible for unemployment insurance benefits by the local office, petitioner sought and was afforded a hearing before an Unemployment Insurance Administrative Law Judge on August 10, 1978. The evidence at the hearing established, and petitioner admitted, that he had engaged in a fight with his foreman, had refused to carry out a supervisory order which he considered inappropriate and had pushed the industrial relations manager, knocking him to the floor. The collective bargaining agreement between petitioner's union and Sybron provided management with the discretion to terminate any employee who engaged in fighting on the premises, regardless of culpability for instigating the fight. Consequently, the Administrative Law Judge found that petitioner was terminated for cause and was therefore ineligible for unemployment insurance benefits. That determination was affirmed by the Unemployment Insurance Appeal Board on November 14, 1978 and by the Appellate Division, Third Department, on September 28, 1979. The Department of Labor was not petitioner's employer. Nor is it an employment agency or a labor organization. Therefore,

section 296 of the Executive Law is inapplicable and respondent has no jurisdiction over the matters alleged in the complaint. (See *Matter of New York State Teachers' Retirement System v New York State Div. of Human Rights*, 83 Misc 2d 993.) Petitioner pursued the appropriate and exclusive remedy under sections 620 and 621 of the Labor Law by appealing to the Unemployment Insurance Appeal Board and the Third Department and that determination is conclusive of the issues he raises. (Proceeding pursuant to Executive Law, § 298.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.