OPINION OF THE COURT
Howard R. Silver, J.
Defendant moved for summary judgment dismissing the complaint in this Civil Court action for money damages for an alleged slander. Defendant is the Administrative Judge in charge of the Bronx Civil Court. The statements alleged to be actionable were contained in and made a part of the first of six charges of alleged professional misconduct filed by defendant against plaintiff attorney with the Departmental Disciplinary Committee of the Appellate Division, First Department, on or about April 5,1982. The defendant was not the author or originator of the statements. They were initially uttered by the Housing Court Judge who presided over the trial of a summary proceeding (Clinton Homes Realty Corp. v Ferguson, Bronx County, index No. 69028/81) on December 7, 1981. The precise words addressed by the Housing Judge to plaintiff (a witness) during the summary proceeding trial were: “All I’m telling you now on the record as I told you before — from what I have observed, you’re soliciting business here in the court *1051 room and that is illegal. You may be accused of representing yourself as an attorney, practicing without a license. I told you this before. Now I’m on the record. Now you can be indicted, and you can be sent to jail for that.”
The foregoing statements were the basis of an earlier slander action brought by this same plaintiff against the Housing Judge (Rolle v Trussel, Civ Ct, Bronx County, Saks, J., index No. 17331/82). The action was dismissed on October 19, 1982, on the ground that it was barred by the doctrine of judicial immunity. The dismissal was not appealed.
Plaintiff’s opposition to defendant’s motion for summary judgment is contained in an affidavit of his attorney which also supports a cross motion by plaintiff for an order “directing the Attorney-General to desist from representing the defendant.” Plaintiff contends that the inclusion of the alleged slanderous statement in the charges the defendant filed with the Appellate Division’s disciplinary committee was not a judicial act entitling defendant to judicial immunity and consequently to defense by the Attorney-General. Defendant disagrees, arguing that he was under a duty as an Administrative Judge to call the attention of the Appellate Division to possible unprofessional conduct by an attorney, which might be detrimental to the proper functioning of the court.
The principal issue is whether an Administrative Judge has a duty to inform the disciplinary committee of questionable conduct of attorneys.
22 NYCRR 422.1 states that the Administrative Judge of the Civil Court of the City of New York shall have cognizance and control of the operation, administration and discipline of the Civil Court of the City of New York. The same would apply to the Administrative Judge for Bronx County.
22 NYCRR 100.3 (b) (3) states under caption “Administrative responsibilities” that: “A judge shall take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.” (Emphasis supplied.)
Significantly the above language is embodied word for word in Canon 3 (B)(3) of the Canons of Judicial Conduct.
*1052 Therefore, the court holds that the filing of charges of professional misconduct by an Administrative Judge is a “judicial act” warranting an absolute privilege from actions sounding in defamation. Even if this court were not to make this determination, the motion for- summary judgment would nevertheless be granted, since any material and pertinent statement to the disciplinary committee (by a member of the judiciary or otherwise) is properly accorded an absolute privilege.
The Court of Appeals in Weiner v Weintraub (22 NY2d 330) held that a complaint charging professional misconduct of an attorney, which has been filed with the appropriate committee for review initiates a proceeding which is judicial in nature and is absolutely privileged.
Significantly, there is no allegation that defendant disseminated the trial transcript to anyone other than the disciplinary committee empowered to review it, a committee which cloaks all such submissions with confidentiality. Such dissemination as defendant made here fell clearly within the parameters of defendant’s responsibilities. Under these circumstances, defendant’s actions were protected by the doctrine of judicial immunity.
As was observed in the Federal court case Garfield v Palmieri (193 F Supp 137, 143, affd 297 F2d 526), but which equally applies to State court Judges, particularly those like defendant who have been assigned the administrative function: “The official functions, powers and duties of a Federal District Judge are not confined to those which he exercises when actually sitting in the seat of judgment. There are numerous functions of an administrative or quasi judicial nature which are indispensable to the proper administration of justice in his court * * * Indeed, a substantial, some say too substantial, part of the district judge’s time must be devoted to such functions. Such functions are just as much a part of a judge’s official duties as the hearing of testimony and argument, the charging of a jury, the rendition of judgment-, the rendering of judicial decisions and opinions, and other acts which might be considered to be of a purely judicial nature.”
The only submission by plaintiff on this motion was his attorney’s affirmation ■ which recited no evidentiary facts *1053 and cited no authorities. Plaintiff’s burden is not met on a motion for summary judgment solely by the submission of a conclusory affirmation of his attorney (Davis v Shelton, 33 AD2d 707; Commercial Ins. Co. v Scalamandre, 56 Misc 2d 628).
In the case at bar, it cannot be said that the statements in controversy are defamatory per se and unless they were, plaintiff was required in order to withstand a motion to dismiss to plead special damages. This he failed to do. Plaintiff merely alleged that he “was injured in his reputation”, which is an allegation of insufficient particularity, as is his allegation that he has been damaged in the round figure of $10,000 (Garland v Vermilyea, 88 AD2d 1044).
Plaintiff’s cross motion for an order directing the Attorney-General to desist from representing the defendant is totally without merit. Such representation is authorized by the Constitution and laws of the State of New York, including but not limited to section 17 of the Public Officers Law.
Accordingly, the motion to dismiss the complaint is granted and the relief requested in the cross motion is denied.