■ SONIA GOOSLEY, Respondent, v BINGHAMTON CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered April 22, 1983 in Broome County, which denied defendant's motions to dismiss the complaint and for summary judgment. ¶ Plaintiff is an account clerk employed by defendant school district. In July, 1980, defendant entered into a collective bargaining agreement with the Binghamton City School District Unit, Broome Educational Local No. 866, Civil Service Employees Association, Local No. 1000, American Federation of State, County and Municipal Employees, AFL-CIO (union) to cover nonteaching personnel of the district, such as plaintiff. Plaintiff's husband was employed by defendant as a teacher and was covered by the district's dental plan. In 1981 and 1982, plaintiff and members of her family incurred a series of dental bills which plaintiff's husband submitted to his dental plan for reimbursement. The plan paid the bills, except for a deductible amount. Plaintiff resubmitted the deductible or unpaid portion of the bill to her husband's insurance plan. The resubmission was rejected on the ground that the stated benefits had been paid in full as required by the provisions of the plan. ¶ After inquiry by plaintiff, she was advised by the administrator of her husband's dental plan that said plan had the right to coordinate benefits with any other plan covering the individual and/or members of the plan. Accordingly, plaintiff applied to enroll as an individual member of the plan. Her application was denied. Plaintiff then caused her union to file a grievance against the school district in accord with the terms of the collective bargaining agreement. After processing, a decision was rendered finding no violation of the terms of the agreement and, accordingly, the grievance was denied. ¶ Plaintiff then commenced a proceeding with the New York State Division of Human Rights charging discrimination on the basis of marital status. The division dismissed the complaint on the ground that there was no probable cause to believe that defendant had engaged in an unlawful discriminatory practice. Plaintiff appealed such decision to the Human Rights Appeal Board and that appeal is pending. ¶ Having been thwarted in her efforts to be compensated for the amount of her husband's deductible amount through available administrative channels, plaintiff instituted this action in Supreme Court alleging that defendant breached her contract of employment by refusing to enroll her in the dental plan. She sought damages or, in the alternative, specific performance of the contract to grant her membership in the plan. Defendant moved to dismiss the complaint and for summary judgment on the grounds that there are no triable issues of fact, that plaintiff lacks standing to maintain such an action, and that section 297 of the Executive Law bars the proceeding. Special Term denied the motions. This appeal by defendant ensued. ¶ Turning first to the issue of standing, we are of the view that when the collective bargaining agreement imbues the union with the right and responsibility of enforcing the

employee's contractual rights, an individual employee lacks the capacity to invoke a judicial remedy unless that person can show that the union breached its duty of fair representation as to that individual (see *Vaca v Sipes,* 386 US 171; *Berlyn v Board of Educ.,* 80 AD2d 572, 573, affd 55 NY2d 912). In those instances in which the employee alleges that the union breached its duty of fair representation, a direct action by the employee may be commenced against the employer if the aggrieved worker can demonstrate that the union failed to fulfill its duty or did so wrongfully (*Albino v City of New York,* 80 AD2d 261, 269-271). ¶ Here, plaintiff does not contend that the union improperly represented her. Rather, the complaint alleges that article 14 of the collective bargaining agreement was not intended to preclude her, as an individual, from maintaining either a grievance proceeding or an action in the courts. A review of article 14, which provides for a three-stage grievance procedure, clearly permits the employee to initiate grievance procedures at all three stages. We reject defendant's contention that a construction of section 2 of article 4, section 1 of article 5 and section 3 of the appendix of the collective bargaining agreement compels the conclusion that the union has the exclusive right of employee representation. Those provisions merely recognize the union as the designated representative of the district's nonteaching personnel to negotiate collectively and to administer grievances. Thus, while the collective bargaining agreement provides that an employee *may* select a representative, i.e., the union, for the three-stage grievance procedure, which plaintiff did, it does not preclude an individual action. Since the agreement did not provide for arbitration beyond the grievance procedures, there is no contractual impediment to the maintenance of this action by plaintiff. It is merely the normal extension of the grievance procedure. ¶ We also conclude that plaintiff is not barred by subdivision 9 of section 297 of the Executive Law from bringing this action. Where an aggrieved person files a complaint with the New York State Division of Human Rights contending that he or she is the object of discriminatory conduct, the filing of a complaint constitutes a binding election of remedies (see *Emil v Dewey,* 49 NY2d 968; *Matter of Jainchill v New York State Human Rights Appeal Bd.,* 83 AD2d 665). Only when such an administrative complaint is dismissed upon the ground of administrative convenience will suit thereafter be permitted (Executive Law, § 297, subd 9; *Emil v Dewey, supra*). When, however, as here, a distinction can be made between the relief sought in a petition to the State Division of Human Rights and that claimed in court, the aggrieved individual is not necessarily viewed as having brought a single discriminatory grievance in two different forums so as to brand the first proceeding as a binding election of remedies (see *Low v Gibbs & Hill,* 92 AD2d 467, 468; *Gondola v Center Moriches Union Free School Dist.,* 80 AD2d 600, 601). Here, plaintiff's breach of contract action initiated in Supreme Court was not the same as her discrimination charge brought before the State Division of Human Rights. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., concur.