613 A.2d 619

**Donald BLIZZARD, Petitioner,**

v.

**Homer C. FLOYD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 24, 1992.

Decided July 31, 1992.

504

Donald Blizzard, pro se.

Elisabeth S. Shuster, Chief Counsel, for respondent.

Before SMITH, and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

Before this Court are the preliminary objections of Homer C. Floyd, Executive Director of the Pennsylvania Human Relations Commission (Commission) to a petition of Donald Blizzard (Blizzard), an inmate at the State Correctional Institution at Dallas (Dallas), for a writ of mandamus requiring the Commission to investigate his age discrimination complaint. On January 28, 1992, Blizzard wrote to Mr. Floyd complaining that he was denied a position on the power lift team at Dallas because of his age. The Commission informed Blizzard by letter dated January 31, 1992 that it lacked jurisdiction over

age discrimination claims in correctional institution programs, but was forwarding Blizzard's letter on to Lawrence J. Reid, Executive Deputy Commissioner of Corrections, for his review. Blizzard filed a petition for a writ of mandamus with this Court and the Commission filed preliminary objections pursuant to Pa.R.C.P. No. 1028. The issue raised is whether the Commission has jurisdiction to investigate an inmate's complaint of age discrimination in a state correctional institution.

■ Since Blizzard does not allege that there is an employment relationship, an analysis of the issue presented requires this Court to address the threshold question of whether or not a state correctional institution is a public accommodation. Section 4(*l*) of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. § 954(*l*), states in pertinent part:

> The term "public accommodation, resort or amusement" means any accommodation, resort or amusement which is *open to, accepts or solicits the patronage of the general public, including but not limited to* inns, taverns, roadhouses, hotels, motels, whether conducted for the entertainment of transient guests or for the accommodation of those seeking health, recreation or rest, or restaurants or eating houses, or any place where food is sold for consumption on the premises, buffets, saloons, barrooms or any store, park or enclosure where spirituous or malt liquors are sold, ice cream parlors, confectioneries, soda fountains ... all educational institutions under the supervision of this Commonwealth, nonsectarian cemeteries, garages and all public conveyances operated on land or water or in the air as well as the stations, terminals and airports thereof, financial institutions and *all Commonwealth facilities, and services, including such facilities and services of all political subdivisions thereof, but shall not include any accommodations which are in their nature distinctly private*. (Emphasis added.)

In addition, Section 12 of the Act, 43 P.S. § 962, requires that "[t]he provisions of this act shall be construed liberally for the accomplishment of the purposes thereof...." Thus, the Act's

definition of a public accommodation and enumeration of those places described as such should not be considered exhaustive.

■ Blizzard contends that the Commission has exclusive jurisdiction to investigate age discrimination complaints in this Commonwealth and relies on various federal cases to support his contention, including *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Sutherland v. SKF Indus., Inc.,* 419 F.Supp. 610 (E.D.Pa.1976); and *McGinley v. Burroughs Corp.,* 407 F.Supp. 903 (E.D.Pa.1975). Blizzard's reliance on this line of cases is misplaced since in each case the court was presented with issues of age discrimination in employment under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, which requires a complainant to first resort to available state remedies. He further relies on *Roman Catholic Archdiocese of Philadelphia v. Pennsylvania Human Relations Comm'n,* 119 Pa. Commonwealth Ct. 445, 548 A.2d 328 (1988), *appeal denied,* 524 Pa. 636, 574 A.2d 76 (1989), for the contention that all Commonwealth facilities and institutions are public accommodations. *Roman Catholic* likewise does not support Blizzard's position as this Court merely held that schools operated by the Roman Catholic Archdiocese of Philadelphia were not public accommodations.

Section 501 of the Crimes Code, *as amended,* 18 Pa.C.S. § 501, defines a correctional institution as "[a]ny penal institution, penitentiary, State farm, reformatory, prison, jail, house of correction, or other institution for the incarceration or custody of persons under sentence for offenses or awaiting trial or sentence for offenses." Although a state correctional institution is a Commonwealth facility, it does not accept or solicit the patronage of the general public. Moreover, a common theme runs throughout the Act's definition of a public accommodation which is to provide a benefit to the general public allowing individual members of the general public to avail themselves of that benefit if they so desire. Moreover, since the purpose of a correctional institution is to incarcerate persons convicted of crime or awaiting trial or sentence, inmates do not enjoy the privilege of leaving the facility at

will. It is therefore clear that a state correctional institution is not a public accommodation as defined by the Act.[1]

A writ of mandamus is an extraordinary remedy to compel performance of a ministerial act or mandatory duty and is only proper when a petitioner demonstrates a clear legal right to the relief requested, a corresponding duty in the respondent and the lack of any other appropriate or available remedy. *Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985). Blizzard has failed to demonstrate jurisdiction in the Commission which confers a duty to investigate his complaint and accordingly, has failed to prove a legal right to the relief requested. Therefore, Respondent's preliminary objections are sustained and Blizzard's petition for a writ of mandamus is denied.

## ORDER

AND NOW, this 31st day of July, 1992, the preliminary objections of Respondent Homer C. Floyd are sustained, and the petition of Donald Blizzard for a writ of mandamus is hereby denied.

---

1. Since this Court concludes that a state correctional institution is not a public accommodation, the arguments raised by the Commission that the Act does not cover age discrimination complaints in public accommodations warrant no further discussion.