◼ In the Matter of ROBERT L. SCOPELLITI, Appellant, v TOWN OF NEW CASTLE et al., Respondents. [620 NYS2d 407] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Human Rights, dated October 23, 1991, and forwarded to the petitioner on January 23, 1992, determining that it did not have jurisdiction over the petitioner's age discrimination complaint, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), dated September 30, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the finding of the New York State Division of Human Rights of lack of jurisdiction is annulled, and the matter is

remitted to the New York State Division of Human Rights for a determination on the merits.

In 1991, the petitioner, who was the Town Assessor for the Town of New Castle, filed a complaint with the respondent New York State Division of Human Rights. The complaint alleged that the then Town Supervisor and the then Town Council members had discriminated against him on the basis of his age by denying him a salary increase in 1991.

The New York State Division of Human Rights refused to consider the petitioner's claim. It held that because the petitioner was a public officer, he was not an employee protected by the New York Human Rights Law and, accordingly, it had no jurisdiction to determine his claim. The petitioner then commenced the instant proceeding. The Supreme Court dismissed the petition, holding that the determination that the petitioner was not entitled to the protections of the New York Human Rights Law was to be given due deference, and that such a determination was not arbitrary and capricious. We now reverse.

Executive Law § 296 sets forth certain unlawful discriminatory practices on the part of an employer. Executive Law § 292 (6) defines an employee as "not includ[ing] any individual employed by his parents, spouse or child, or in the domestic service of any person". There is no other limiting language, and thus the section does not exclude public officers from its coverage.

We do not have the authority to write such an exclusion into the New York law. That authority is within the discretion of the Legislature. Accordingly, we find the determination by the New York State Division of Human Rights that it did not have jurisdiction to determine the petitioner's claim to be arbitrary and capricious. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.