■ MARK CARMELENGO et al., Appellants, v PHOENIX HOUSES OF NEW YORK, INC., Respondent, et al., Defendant. [865 NYS2d 43]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered January 17, 2007, which granted defendant-respondent's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs contend that while they were resident inmates in the Marcy Program, a Comprehensive Alcohol and Substance Abuse Treatment Program (CASAT) (*see* 7 NYCRR 1950.1 *et seq.*) operated by Phoenix House and administered by the New York State Department of Correctional Services, defendants discriminated against them on the basis of their religion in violation of section 8-107 (4) of the Administrative Code of the City of New York, by denying their requests, as practicing Muslims, to attend Friday religious services at a local mosque, while residents of other religious faiths were permitted to attend services.

The preliminary issue is whether Phoenix House is a "place or provider of public accommodation" as defined in section 8-102 (9) of the Administrative Code and thus subject to section 8-107 (4). While the question of whether a facility is such a place or provider is ordinarily an issue of fact that cannot be determined on a motion to dismiss (*see generally Matter of United States Power Squadrons v State Human Rights Appeal Bd.*, 59 NY2d 401, 412 [1983]), and while the procedural posture of this case affords the plaintiffs every favorable inference, there is no question as to the exact nature of this particular program, because it is fully set out in 7 NYCRR 1950.1 *et seq.* The absence of an affidavit by Phoenix House describing its operations is therefore immaterial; nor is there any need for discovery before it can be determined exactly how Phoenix House operates.

While it is true that certain types of places not usually open to the general public have on occasion been held to constitute public accommodations under the State Human Rights Law, these places do provide services to the general public (*see Ness v Pan Am. World Airways*, 142 AD2d 233, 239-240 [1988]). An entity should not be viewed as a place of public accommodation when it offers a particular program to a select subset of a small segment of the public. Not only are members of the general public barred from even being considered as potential participants in defendants' program, but there is a highly selective process by which a small subset of the prison inmate population may qualify for the drug rehabilitation services of the CASAT program, as well as other strict limitations placed on participation. The motion court was therefore correct to conclude, as a matter of law, that the Phoenix House program at issue does not qualify as a place or provider of public accommodation. Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.