In the Matter of JOHN M. BAUST, Respondent v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Appellants. (Proceeding No. 1.) In the Matter of JOHN G. BAUST, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Appellants. (Proceeding No. 2.) [894 NYS2d 562]—

Rose, J. Appeal from an order of the Supreme Court (Tait, J.), entered October 23, 2008 in Tioga County, which granted petitioners' applications, in two proceedings pursuant to CPLR article 78 and Executive Law § 298, to annul two determinations of respondent State Division of Human Rights dismissing petitioners' discrimination complaints for lack of jurisdiction.

Petitioners' employer, respondent BioLife Solutions, Inc., terminated their employment. They commenced actions in Supreme Court alleging breach of their employment contracts, among other things, and seeking damages from BioLife. Several months later, they each filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) pursuant to Executive Law article 15 alleging that they had been terminated due to unlawful discriminatory practices by BioLife. SDHR held that it did not have jurisdiction and dismissed petitioners'

discrimination complaints on the ground that they had elected their remedies under Executive Law § 297 (9) by first commencing breach of contract actions in Supreme Court. When petitioners then sought judicial review of SDHR's determinations, Supreme Court found that their complaints had been improperly dismissed and remitted them to SDHR for further proceedings. Respondents appeal.

As a threshold matter, contrary to petitioners' argument, CPLR 5701 (b) (1) does not preclude SDHR's right to appeal from Supreme Court's order. Although petitioners sought review of SDHR's determination pursuant to both CPLR article 78 and Executive Law § 298, the latter provides the exclusive means for such review (*see Matter of State Commn. for Human Rights v Lieber*, 23 NY2d 253, 255-256 [1968]; *Matter of Maloff v City Commn. on Human Rights*, 45 AD2d 834 [1974]). Accordingly, CPLR 5701 (b) (1), which expressly pertains to CPLR article 78 proceedings, does not apply here.*

Turning to the merits, we view SDHR's dismissal of petitioners' complaints as an error of law. Executive Law § 297 (9) provides that an aggrieved person elects his or her remedy for unlawful discrimination by either filing a complaint with SDHR or commencing an action in court based upon such discriminatory conduct (*see Matter of Whitney v State Human Rights Appeal Bd.*, 105 AD2d 991, 992 [1984]). Where, however, "a distinction can be made between the relief sought in a petition to [SDHR] and that claimed in court, the aggrieved individual is not necessarily viewed as having brought a single discriminatory grievance in two different forums so as to brand the first [action or] proceeding as a binding election of remedies" (*Goosley v Binghamton City School Dist. Bd. of Educ.*, 101 AD2d 942, 943 [1984]).

In petitioners' civil actions, they allege breach of contract based upon BioLife's failure to compensate them as provided in their employment agreements upon a termination without cause. Although petitioners also alleged that their terminations were retaliatory, this was not necessary to establish their breach of contract actions and it was added merely to underscore the lack of a valid cause for termination. Petitioners did not seek reinstatement and sought only compensation as provided in their employment agreements. By contrast, petitioners allege in their

---

* Although respondents appeal from Supreme Court's order, rather than the subsequently entered judgment, we deem the appeal to be taken from the judgment as well because it does not materially differ from the order (*see* CPLR 5520 [c]; *Bright v McGowan*, 63 AD3d 1239, 1240 n 1 [2009], *lv granted* 13 NY3d 708 [2009]).

discrimination complaints that they had made complaints to BioLife regarding alleged discriminatory conduct of its employees and, in retaliation, BioLife terminated them, thus entitling them to the relief available under Executive Law § 297 (4) (c). Inasmuch as petitioners' discrimination complaints and their civil actions are not based upon the same grievances, there was no election of remedies (*see Gondola v Center Moriches Union Free School Dist.*, 80 AD2d 600, 601 [1981]).

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.