*920 OPINION OF THE COURT
Joseph D. Valentino, J.
By notice of petition and petition filed March 9, 2012, petitioner seeks judicial review of respondent State Division of Human Rights’ (SDHR) determination and order dated January 12, 2012 dismissing petitioner’s complaint of unlawful discrimination for lack of jurisdiction. Petitioner’s September 19, 2011 complaint to SDHR alleged that respondent McKeon engaged in unlawful discriminatory practices of illegal blacklisting based on petitioner’s race and based on the criminal conviction record of her live-in boyfriend.
The basis of the complaint was McKeon’s official letter as Presiding Judge of the Auburn Drug and Alcohol Court and the Cayuga County Felony Drug Court dated October 19, 2010, sent to petitioner notifying her that such courts will no longer utilize Recovery Counseling, an alcohol and drug treatment business owned by petitioner. McKeon’s letter referenced events at petitioner’s residence without specific details as the basis for the decision. Additionally, McKeon notified petitioner that such court participants were being required to leave Recovery Counseling and transfer their treatment to another provider. Significantly, McKeon noted that the “integrity and viability of these courts can not be compromised [and that] these recent events [at petitioner’s residence] have done just that.”
It is undisputed that the “recent events” were in reference to the arrest of petitioner’s live-in boyfriend for drug possession and sale and the publicity it received. According to McKeon’s answer but absent from the petition, the police also executed a search warrant at petitioner’s home that resulted in the recovery of drug paraphernalia and a large amount of cash.
According to its dismissal order, SDHR determined that it did not have any authority over an order, ruling, or decision by a court or judge, under any of the jurisdictional areas specified under the State Human Rights Law (Executive Law § 290 et seq.). Petitioner now seeks a judgment annulling the SDHR determination and order, and remanding the matter to SDHR for a determination on the merits. Respondents seek dismissal of the petition. The certified transcript of the record of all prior proceedings at the SDHR has been submitted.
Discussion
In cases where SDHR issues an order prior to holding a hearing, dismissing a complaint for lack of jurisdiction, the standard *921 of review is whether the determination was arbitrary or capricious (see Matter of Scopelliti v Town of New Castle, 210 AD2d 339 [2d Dept 1994]) or affected by an error of law (see Matter of Baust v New York State Div. of Human Rights, 70 AD3d 1107, 1108 [3d Dept 2010], Iv denied 15 NY3d 710 [2010]). For the reasons that follow, this court concludes that the SDHR’s determination that it lacked jurisdiction and dismissal of the complaint was not arbitrary, capricious, or affected by an error of law, and the petition must be dismissed.
I, Jurisdiction of SDHR
Although the jurisdiction of the SDHR is broad, it is not limitless. Recently, the Court of Appeals clarified that the jurisdiction of the SDHR does not extend to public school students’ complaints of discrimination (Matter of North Syracuse Cent. School Dist. v New York State Div. of Human Rights, 19 NY3d 481 [June 12, 2012]). In its 4-3 decision, the majority held that a public school is not an “education corporation or association” as contemplated by Executive Law § 296 (4), and thus, the SDHR lacked jurisdiction to entertain public school students’ complaints (id.). Instructively, the Court noted that although the SDHR lacked jurisdiction of such complaints, public school students were not without a remedy and could seek redress pursuant to Education Law § 310 or federal law (id.). More importantly, despite the general purpose provision of the Human Rights Law to eliminate and prevent discrimination, the majority declined to liberally construe the statute in the absence of an underlying directive in the Human Rights Law to apply such a construction (id.).
II, Judicial Immunity
The State’s absolute immunity has been regarded as akin to subject matter jurisdiction (see Lublin v State of New York, 135 Misc 2d 419, 420-421 [Ct Cl 1987], affd 135 AD2d 1155 [1st Dept 1987], lv denied 71 NY2d 802 [1988]). Judicial immunity is an absolute defense to liability for harm resulting from official judicial acts, regardless of the bad faith of the judge or lack of any reasonable basis for the action, except when the acts are unconstitutional, unlawful, made in the absence of jurisdiction, or made outside the scope of authority of the office (28 NY Jur 2d, Courts and Judges § 330). Judicial immunity is designed to ensure judges’ absolute independence in the exercise of their judicial functions, free of the fear of intimidation and harassment from vexatious lawsuits (see Mosher-Simons v County of Allegany, 99 NY2d 214 [2002]). The immunity exists regardless *922 of how erroneous the decision and regardless of the judge’s tainted motives, provided the act is constitutional, not unlawful, and is performed within the general scope of authority of judicial functions (Kreindler, Rodriguez, Beekman & Cook, New York Law of Torts § 17:49 [15 West’s NY Prac Series]). Judicial immunity is imperative to the nature of the judicial function that judges be free to make decisions without fear of retribution through accusations of malicious wrongdoing (Mosher-Simons, 99 NY2d at 219). “It has been adjudged worth the price of leaving some injured parties without a remedy to allow such officials to exercise the independence of judgment critical to our judicial system without harassment or intimidation” (see Tarter v State of New York, 68 NY2d 511, 518 [1986]; 15 NY Prac, New York Law of Torts § 17:49).
Even administrative judges perform judicial functions and have been granted absolute immunity for official acts performed within the scope of their judicial functions (Rolle v Nolan, 119 Misc 2d 1050 [Civ Ct, Bronx County 1983] [complaint dismissed in action for money damages for an alleged slander against administrative judge who reported an attorney to the appropriate disciplinary committee]).
Any court of competent jurisdiction is vested under the inherent powers doctrine “with all powers reasonably required to enable it to: perform efficiently its judicial functions, to protect its dignity, independence and integrity, and to make its lawful actions effective” (Wehringer v Brannigan, 232 AD2d 206, 207 [1st Dept 1996] [internal quotation marks omitted], appeal dismissed 89 NY2d 980 [1997]; see Matter of County of Broome [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO], 80 AD3d 1047, 1049-1050 [3d Dept 2011] [courts’ inherent authority to maintain the integrity of the judicial process, manage their judicial functions, and guard their independence]).
Petitioner asserted that McKeon’s actions were not taken in his judicial capacity, which would avoid application of judicial immunity. McKeon, as the presiding judge of the treatment courts, had the authority to establish a procedure “necessary to carry into effect the powers and jurisdiction” of the treatment court (Judiciary Law § 2-b [3]), and to preserve his court’s dignity and integrity. Contrary to petitioner’s assertions, Mc-Keon’s letter to petitioner was an exercise of his judicial functions as the presiding judge of the treatment courts and judicial immunity attaches to the acts at issue. Therefore, the SDHR *923 properly concluded that it lacked jurisdiction and the determination to dismiss the complaint was not arbitrary, capricious nor affected by an error of law.
The petition is dismissed.