# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1142**
**CA 13-01283**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BERNICE MALCOLM,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF LABOR, NEW YORK
STATE DEPARTMENT OF LABOR UNEMPLOYMENT INSURANCE
BOARD'S ADMINISTRATIVE LAW JUDGE SECTION,
ADMINISTRATIVE LAW JUDGE ANNETTE GAUL, IN HER
OFFICIAL CAPACITY AND INDIVIDUALLY, NEW YORK
STATE DIVISION OF HUMAN RIGHTS, HONEOYE
FALLS-LIMA CENTRAL SCHOOL DISTRICT, MICHELLE
KAVANAUGH, IN HER OFFICIAL CAPACITY AS
SUPERINTENDENT OF SCHOOLS AND INDIVIDUALLY, AND
WAYNE A. VANDER BYL, IN HIS OFFICIAL CAPACITY
AS SCHOOL ATTORNEY AND INDIVIDUALLY,
RESPONDENTS-RESPONDENTS.

---

BERNICE MALCOLM, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS NEW YORK STATE DEPARTMENT OF LABOR, NEW YORK STATE DEPARTMENT OF LABOR UNEMPLOYMENT INSURANCE BOARD'S ADMINISTRATIVE LAW JUDGE SECTION, AND ADMINISTRATIVE LAW JUDGE ANNETTE GAUL, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY.

HARTER SECREST & EMERY LLP, BUFFALO (ROBERT C. WEISSFLACH OF COUNSEL), FOR RESPONDENTS-RESPONDENTS HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT, MICHELLE KAVANAUGH, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF SCHOOLS AND INDIVIDUALLY, AND WAYNE A. VANDER BYL, IN HIS OFFICIAL CAPACITY AS SCHOOL ATTORNEY AND INDIVIDUALLY.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered September 6, 2012 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate the determination of respondent New York State Division of Human Rights (SDHR), which had dismissed her discrimination complaint against, inter alia, respondent New York State Department of Labor (DOL), for lack of jurisdiction. We

conclude that Supreme Court's dismissal of the petition was not arbitrary or capricious (*see Matter of Stoudymire v New York State Div. of Human Rights*, 109 AD3d 1096, 1096, *affg for reasons stated* 36 Misc 3d 919, 920-921; *cf. Matter of Scopelliti v Town of New Castle*, 210 AD2d 339, 339-340). DOL "was not petitioner's employer. Nor is it an employment agency or a labor organization. Therefore, section 296 of the Executive Law is inapplicable and [the SDHR] has no jurisdiction over the matters alleged in the complaint" (*State Div. of Human Rights v New York State Dept. of Labor, Unemployment Ins. Div.*, 84 AD2d 961, 961-962).

Contrary to petitioner's contention, respondents were not required to move pursuant to CPLR 3211 to dismiss the petition. This is a CPLR article 78/Executive Law § 298 special proceeding to review the determination of the SDHR (*see Matter of Kaplan v New York State Div. of Human Rights*, 95 AD3d 1120, 1122-1123), and therefore the court was permitted to make a summary determination upon the pleadings to the extent that no triable issues of fact were raised (*see* CPLR 409 [b]), without the need for a CPLR 3211 motion. We have reviewed petitioner's remaining contentions and conclude that they are without merit or not properly before us.

Entered:  November 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court