Matter of LeTray v New York State Div. of Human Rights (2020 NY Slip Op 01978)





Matter of LeTray v New York State Div. of Human Rights


2020 NY Slip Op 01978


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


134 CA 19-00313

[*1]IN THE MATTER OF DEANNA LETRAY, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, CITY OF WATERTOWN POLICE DEPARTMENT, AND JEFFERSON COUNTY SHERIFF'S OFFICE, RESPONDENTS-RESPONDENTS.






ERIN BETH HARRIST, NEW YORK CIVIL LIBERTIES UNION FOUNDATION, NEW YORK CITY, FOR PETITIONER-APPELLANT. 
CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (ERIN SOBKOWSKI OF COUNSEL), FOR RESPONDENT-RESPONDENT NEW YORK STATE DIVISION OF HUMAN RIGHTS.
SLYE LAW OFFICES, P.C., WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR RESPONDENT-RESPONDENT CITY OF WATERTOWN POLICE DEPARTMENT.


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered January 28, 2019 in a proceeding pursuant to Executive Law § 298. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner filed an administrative complaint with respondent New York State Division of Human Rights (SDHR) alleging illegal discrimination during petitioner's arrest and subsequent prearraignment incarceration by respondent City of Watertown Police Department in a facility owned by respondent Jefferson County Sheriff's Office. SDHR dismissed the administrative complaint for lack of jurisdiction, and petitioner then commenced this proceeding to annul that determination as arbitrary, capricious, and affected by an error of law (see generally Executive Law § 298). Supreme Court dismissed the petition, and we now affirm.
SDHR has jurisdiction to, inter alia, investigate and adjudicate complaints of unlawful discrimination in the provision of any "public accommodation, resort or amusement" (Executive Law § 296 [2] [a]; see § 295 [6]; Matter of Staten Is. Alliance for Mentally Ill v Mercado, 273 AD2d 36, 36-37 [1st Dept 2000]). For purposes of the Human Rights Law, a "public accommodation, resort or amusement" offers " conveniences and services to the public' " and is "generally open to all comers" (Matter of Cahill v Rosa, 89 NY2d 14, 21 [1996]), and it defies logic to suggest that law enforcement is providing
" conveniences' " or " services' " to those arrested and detained (id.). Nor is arrest and detention "open to all comers" in any sense (id.; see generally Carmelengo v Phoenix Houses of N.Y., Inc., 54 AD3d 652, 653 [1st Dept 2008], lv denied 11 NY3d 715 [2009]). Indeed, it well established that "prison facilities do not cater or offer [their] goods to the general public" (CHRO ex rel. Vargas v State Dept. of Correction, 2014 WL 564478, *3 [Conn Super Ct 2014]). To the contrary, arrest and detention is imposed upon a person by law enforcement and the criminal courts, not provided to those arrested and detained as a service for their benefit. The process of arresting and incarcerating a person is, "by its very nature," a governmentally decreed [*2]"separat[ion of] the general public from the individuals who are compelled by our penal system to be confined" (id. at *4).
In short, although we note SDHR's concession at oral argument that governmental entities such as police agencies could provide public accommodations within the meaning of the Human Rights Law under certain circumstances, we join the consensus of courts nationwide in concluding that arrest and incarceration are "properly viewed as the antithesis of a . . . public accommodation' " (State ex rel. Naugles v Missouri Commn. on Human Rights, 561 SW3d 48, 54 [Mo Ct App 2018]; see Skaff v West Virginia Human Rights Commn., 191 W Va 161, 163-164, 444 SE2d 39, 41-42 [1994]; Blizzard v Floyd, 149 Pa Commw 503, 505-507, 613 A2d 619, 620-621 [1992]; Vargas, 2014 WL 564478 at *1-9; Napier v State, 2002 WL 32068249, *6-8 [Me Super Ct 2002]; see also Department of Corrections v Human Rights Commn., 181 Vt 225, 236-241, 917 A2d 451, 460-463 [2006, Burgess, J., dissenting]; Carmelengo, 54 AD3d at 653). SDHR therefore properly concluded that it lacked jurisdiction over petitioner's narrowly-drawn administrative complaint of illegal discrimination in the course of an arrest and subsequent detention, and we agree with the court that SDHR's dismissal of that complaint was thus not arbitrary, capricious, or affected by an error of law (see generally Matter of Tessy Plastics Corp. v State Div. of Human Rights, 47 NY2d 789, 791 [1979]; Matter of Majchrzak v New York State Div. of Human Rights, 151 AD3d 1856, 1857 [4th Dept 2017]; Matter of Devany v New York State Div. of Human Rights, 135 AD2d 713, 714 [2d Dept 1987], appeal dismissed 71 NY2d 889 [1988], lv denied 72 NY2d 804 [1988]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court