Matter of Ibhawa v New York State Div. of Human Rights (2023 NY Slip Op 03585)

Matter of Ibhawa v New York State Div. of Human Rights

2023 NY Slip Op 03585

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

251 CA 22-00060

[*1]IN THE MATTER OF VICTOR O. IBHAWA, PETITIONER-RESPONDENT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND DIOCESE OF BUFFALO, RESPONDENTS-APPELLANTS. 

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (AARON M. WOSKOFF OF COUNSEL), FOR RESPONDENT-APPELLANT NEW YORK STATE DIVISION OF HUMAN RIGHTS. 
BOND, SCHOENECK & KING, PLLC, BUFFALO (ERIN S. TORCELLO OF COUNSEL), FOR RESPONDENT-APPELLANT DIOCESE OF BUFFALO.
DONNA A. MILLING, BUFFALO, FOR PETITIONER-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered November 23, 2021. The order, insofar as appealed from, granted the petition in part. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is dismissed in its entirety, and the determination of respondent New York State Division of Human Rights to the extent it dismissed the hostile work environment claim is reinstated.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) dismissing his administrative discrimination complaint against his former employer, respondent Diocese of Buffalo (Diocese), for lack of jurisdiction, based upon the ministerial exception to employment discrimination claims (see generally Hosanna-Tabor Evangelical Lutheran Church and School v EEOC, 565 US 171, 188-189 [2012]). Supreme Court granted the petition in part by annulling the determination insofar as it dismissed the claim of hostile work environment and remanding the matter to SDHR. Respondents each appeal from the order to the extent that it granted the petition and remanded the matter, and we reverse the order insofar as appealed from.
Respondents contend that the court applied an incorrect standard of review and failed to give the requisite deference to SDHR's determination. We agree. The standard of review here is whether the determination was arbitrary and capricious or affected by an error of law (see Matter of LeTray v New York State Div. of Human Rights, 181 AD3d 1296, 1297-1298 [4th Dept 2020], lv denied 35 NY3d 915 [2020]; Matter of Malcolm v New York State Dept. of Labor, 122 AD3d 1318, 1319 [4th Dept 2014], lv denied 25 NY3d 903 [2015]; Matter of Stoudymire v New York State Div. of Human Rights, 36 Misc 3d 919, 920-921 [Sup Ct, Cayuga County 2012], affd for reasons stated 109 AD3d 1096 [4th Dept 2013]). "The SDHR's determination is entitled to considerable deference given its expertise in evaluating discrimination claims" (Matter of Meyer v Foster, 187 AD3d 918, 919 [2d Dept 2020]; see Matter of McDonald v New York State Div. of Human Rights, 147 AD3d 1482, 1482 [4th Dept 2017]).
Here, SDHR determined that it lacked jurisdiction over petitioner's complaint inasmuch as petitioner had been a priest serving as the pastor of a church and the ministerial exception barred his claims. Inasmuch as there is no controlling United States Supreme Court or New York [*2]precedent and the federal courts that have addressed the issue are divided on the extent to which the ministerial exception applies to claims of a hostile work environment (compare e.g. Demkovich v St. Andrew the Apostle Parish, Calumet City, 3 F4th 968, 979 [7th Cir 2021] with e.g. Elvig v Calvin Presbyterian Church, 375 F3d 951, 964 [9th Cir 2004]), we conclude that SDHR's determination with respect to the hostile work environment claim is not arbitrary and capricious or affected by an error of law (see generally LeTray, 181 AD3d at 1297-1298).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court